IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC. AND HTC AMERICA, INC. <br><br> Defendants. | C.A. No.: _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MOSAID Technologies Inc. ("MOSAID"), by and through its undersigned counsel, for its Complaint for Patent Infringement against the above-named Defendants hereby states:

### THE PARTIES

1. Plaintiff MOSAID Technologies Inc. is a corporation subject to the laws of Canada with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario, Canada K2K 2X1. MOSAID's United States principal place of business is located at 5700 Granite Parkway, Suite 960, Plano, Texas 75024.

2. Defendant Sony Ericsson Mobile Communications (USA), Inc. ("SEMC") is a Delaware corporation which may be served through its registered agent, Capitol Services, Inc., at 615 South DuPont Highway, Dover, DE 19901. SEMC is a leading manufacturer of cellular phones in the United States. SEMC is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of said cellular phones.

3. Defendant HTC America, Inc. ("HTC" and collectively with SEMC, "Defendants") is a Washington corporation. HTC may be served pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104, through its registered agent, National Registered Agents, Inc., 1780 Barnes Blvd. SW, Tumwater, WA 98512-0410. HTC is a leading manufacturer of cellular phones in the United States. HTC is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of cellular phones.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

5. Subject-matter jurisdiction over MOSAID's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

6. This Court has personal jurisdiction over Defendants because Defendants are subject to general jurisdiction in the State of Delaware. Defendants also have established minimum contacts with the forum. All Defendants are authorized to do business in the State of Delaware and regularly conduct such business. Defendants manufacture, sell and/or offer to sell products – namely cellular phones (including the infringing phones specified herein) -- that are and have been used, offered for sale, sold and/or purchased in Delaware, including in this judicial district. Defendants—directly and/or though their distribution networks—place their infringing phones within the stream of commerce, which stream is directed at this district. Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,650,770

8. MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

9. On July 22, 1997, U.S. Patent No. 5,650,770 ("the '770 Patent"), a copy of which is attached hereto as "Exhibit A," was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO").  MOSAID is the owner by assignment of all right, title and interest in and to the '770 Patent, including all right to recover for any and all past infringement thereof.

10. Upon information and belief, Defendants have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '770 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, cellular telephones which are covered by at least one claim of the '770 Patent.

11. At a minimum, each of the following cellular phones made, used, sold and/or offered for sale by the Defendants infringe one or more claims of the '770 Patent because they each include, among other things, a navigational receiver for providing a location of the phone, with a manually operated switch having an output, at least one switch defining a panic button, and a radio transmitter connected for receiving the location of the phone, at least one switch output, defining a switch status and transmitting the location of the phone and the switch status, an identification circuit for providing a remote identification code, the radio transmitter being adapted for transmitting the identification code, a radio receiver for receiving a command, a transmission power level selection circuit being responsive to the received command for

selecting the transmission power level, a sensor having at least one output signal and defining a sensor status, and a radio transmitter connected for transmitting the location of the phone and the sensor status, where the sensor further comprises a manually operated switch defining a pair of electrical contacts for providing the output signal, and are therefore infringing one or more claims of the '770 Patent:

    a.      SEMC Xperia™ X10;

    b.      SEMC Xperia™ arc;

    c.      SEMC Elm™;

    d.      SEMC Naite™;

    d.      SEMC Aspen™;

    e.      SEMC Xperia™ Play Smartphone;

    f.      SEMC Cedar™ Call Phone;

    g.      SEMC T715™ Call Phone;

    h.      SEMC Xperia™ x10 mini Call Phone;

    i.      SEMC Vivaz™ pro Call Phone;

    j.      SEMC W518a Call Phone;

    k.      SEMC Xperia™ neo smartphone;

    l.      SEMC Vivaz™ phone;

    m.      HTC EVO 4G;

    n.      HTC Tilt™ 2;

    o.      HTC Desire™;

    p.      HTC Aria™;

    q.      HTC Wildfire™;

r.  HTC ThunderBolt™;

s.  HTC Freestyle™;

t.  HTC EVO Shift 4G;

u.  HTC Merge™;

v.  HTC Inspire™ 4G;

w.  HTC Arrive™;

x.  HTC Hero™;

y.  HTC OZONE™;

z.  HTC Dash™ 3G;

aa. HTC Touch Pro2;

bb. HTC XV6900;

cc. HTC Imagio™ Support;

dd. HTC DROID X2;

ee. HTC XV6800;

ff. HTC DROID ERIS;

gg. HTC Touch™ Diamond;

hh. HTC myTouch® 3G;

ii. HTC myTouch® 4G;

jj. HTC G1™;

kk. HTC G2™;

ll. HTC HD2;

mm. HTC HD7™; and

nn. HTC myTouch® 3G Slide.

12. Each of the foregoing phones has embedded emergency call features, including the ability to make emergency calls without a SIM card inserted in the phone, or while the phone's SIM card is locked, a GPS receiver that uses satellite signals to calculate the location of the phone, as well as assisted GPS to calculate phone location even more quickly.  Each of the foregoing phones transmit GPS-based location information providing the whereabouts of the phone when the phone makes an emergency call.

13. As a consequence of the infringement of the '770 Patent by Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

14. Upon information and belief, Defendants will continue to infringe the '770 Patent unless enjoined by this Court.

15. As a consequence of the infringement by Defendants complained of herein, MOSAID has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.  In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement of the '770 Patent on a going-forward basis.

COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,198,390

16. MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

17. On March 6, 2001, U.S. Patent No. 6,198,390 ("the '390 Patent"), a copy of which is attached hereto as "Exhibit B," was duly and legally issued by the USPTO.  MOSAID

is the owner by assignment of all right, title and interest in and to the '390 Patent, including all right to recover for any and all past infringement thereof.

18.   Upon information and belief, Defendants have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '390 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, cellular phones which are covered by at least one claim of the '390 Patent.

19.   At a minimum, each of the following phones made, used, sold and/or offered for sale by the Defendants include a navigational receiver for receiving navigation information, a demodulator for demodulating the received navigational information, timing circuits for providing precise time of day information, a manually operated switch defining a panic button and having an output signal defining a switch status wherein operation of a panic button produces a change in the switch status, and a radio transmitter for transmitting the demodulated navigational information, the precise time of day information and the switch status, and are therefore infringing one or more claims of the '390 Patent:

    a.   SEMC Xperia™ X10;

    b.   SEMC Xperia™ arc;

    c.   SEMC Elm™;

    d.   SEMC Naite™;

    d.   SEMC Aspen™;

    e.   SEMC Xperia™ Play Smartphone;

    f.   SEMC Cedar™ Call Phone;

    g.   SEMC T715™ Call Phone;

  h. SEMC Xperia™ x10 mini Call Phone;

  i. SEMC Vivaz™ pro Call Phone;

  j. SEMC W518a Call Phone;

  k. SEMC Xperia™ neo smartphone;

  l. SEMC Vivaz™ phone;

  m. HTC EVO 4G;

  n. HTC Tilt™ 2;

  o. HTC Desire™;

  p. HTC Aria™;

  q. HTC Wildfire™;

  r. HTC ThunderBolt™;

  s. HTC Freestyle™;

  t. HTC EVO Shift 4G;

  u. HTC Merge™;

  v. HTC Inspire™ 4G;

  w. HTC Arrive™;

  x. HTC Hero™;

  y. HTC OZONE™;

  z. HTC Dash™ 3G;

  aa. HTC Touch Pro2;

  bb. HTC XV6900;

  cc. HTC Imagio™ Support;

  dd. HTC DROID X2;

    ee.    HTC XV6800;

    ff.    HTC DROID ERIS;

    gg.    HTC Touch™ Diamond;

    hh.    HTC myTouch® 3G;

    ii.    HTC myTouch® 4G;

    jj.    HTC G1™;

    kk.    HTC G2™;

    ll.    HTC HD2;

    mm.    HTC HD7™; and

    nn.    HTC myTouch® 3G Slide.

20. Each of the foregoing phones has embedded emergency call features, including the ability to make emergency calls without a SIM card inserted in the phone, or while the phone's SIM card is locked, a GPS receiver that uses satellite signals to calculate the location of the phone, as well as assisted GPS to calculate phone location even more quickly. Each of the foregoing phones can calculate the time of day. Each of the foregoing phones also can transmit GPS-based phone location information and time of day information when the phone makes an emergency call.

21. As a consequence of the infringement by Defendants complained of herein, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

22. Upon information and belief, Defendants will continue to infringe the '390 Patent unless enjoined by this Court.

23. As a consequence of the infringement by Defendants complained of herein,

MOSAID has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement on a going-forward basis.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 6,518,889

24. MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

25. On February 11, 2003, U.S. Patent No. 6,518,889 ("the '889 Patent"), a copy of which is attached hereto as "Exhibit C," was duly and legally issued by the USPTO. MOSAID is the owner by assignment of all right, title and interest in and to the '889 Patent, including all right to recover for any and all past infringement thereof. The '770 Patent, '390 Patent, and '889 Patent are collectively referred to as the "Asserted Patents."

26. Upon information and belief, Defendants have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '889 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, cellular phones which are covered by at least one claim of the '889 Patent.

27. At a minimum, each of the following phones made, used, sold and/or offered for sale by the Defendants include a navigational receiver for providing a location of the phone, a voice-activated detector having an output signal that becomes active when a predetermined distress phrase is detected, a radio transmitter connected for transmitting the phone location when the output signal becomes active, a sensor having at least one output signal and defining a

sensor status, the radio transmitter also connected for transmitting the sensor status, and therefore infringe one or more claims of the '889 Patent:

    a.    SEMC Xperia™ arc;

    b.    SEMC Elm™;

    c.    SEMC Naite™;

    d.    SEMC Aspen™;

    e.    SEMC Xperia™ Play Smartphone;

    f.    SEMC Cedar™ Call Phone;

    g.    SEMC T715™ Call Phone;

    h.    SEMC Equinox TM717;

    i.    SEMC TM506;

    j.    SEMC Xperia™ X10A;

    k.    SEMC W518a Call Phone;

    l.    SEMC Xperia™ neo smartphone;

    m.    HTC EVO 4G;

    n.    HTC Merge™;

    o.    HTC Inspire™ 4G;

    p.    HTC Arrive™;

    q.    HTC Hero™;

    r.    HTC OZONE™;

    s.    HTC Dash™ 3G;

    t.    HTC Touch Pro2;

    u.    HTC XV6900;

      v.      HTC Imagio™ Support;

      w.      HTC DROID X2;

      x.      HTC XV6800;

      y.      HTC DROID ERIS;

      z.      HTC Touch™ Diamond;

      aa.     HTC myTouch® 3G;

      bb.     HTC myTouch® 4G;

      cc.     HTC G1™;

      dd.     HTC G2™;

      ee.     HTC HD2;

      ff.     HTC HD7™;

      gg.     HTC Surround™; and

      hh.     HTC myTouch® 3G Slide.

28. Each of the foregoing phones has embedded emergency call features, including the ability to make emergency calls without a SIM card inserted in the phone, or while the phone's SIM card is locked, a GPS receiver that uses satellite signals to calculate the location of the phone, as well as assisted GPS to calculate phone location even more quickly. Each of the foregoing phones transmit GPS-based location information providing the whereabouts of the phone when the phone makes an emergency call. Each of the foregoing phones is capable of making an emergency call as a result of a voice command to the phone.

29. As a consequence of the infringement by Defendants complained of herein, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

30. Upon information and belief, Defendants will continue to infringe the '889 Patent unless enjoined by this Court.

31. As a consequence of the infringement by Defendants complained of herein, MOSAID has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement on a going-forward basis.

PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for entry of judgment and an order that:

(1) Defendants have infringed one or more of the claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

(2) Defendants account for and pay to MOSAID all damages, assessment of interest, and costs of MOSAID caused by Defendants' patent infringement;

(3) MOSAID be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement of the Asserted Patents;

(4) In the event the Court determines that it will not enter injunctive relief, Defendants continue to pay royalties to MOSAID for its infringement of the Asserted Patents on a going-forward basis;

(5) Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6) Costs and attorney's fees be awarded to MOSAID, as this is an exceptional case under 35 U.S.C. § 285; and

(7) MOSAID be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

MOSAID demands trial by jury on all claims and issues so triable.

July 7, 2011

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
770.953.0995

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Mosaid Technologies Inc.*